IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

---

**RICARDO PEREZ** on behalf of himself and all others similarly situated,

**Plaintiff,**

v.

**WIRELESS ADVOCATES, LLC and CAR TOYS, INC.**

**Defendants.**

Civil Case No. _____

---

### ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND

Ricardo Perez ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of this Original Complaint against WIRELESS ADVOCATES, LLC and CAR TOYS, Inc. ("Defendants") by and through his counsel allege as follows:

### NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, WIRELESS ADVOCATES, LLC ("WIRELESS ADVOCATES"), pursuant to the WARN Act's single employer rule, CAR TOYS, INC ("CAR TOYS"), (collectively the "Defendants") was also the Plaintiff and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff

and/or plant closing ordered by the Defendants on or about December 5, 2022 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which have been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5). Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5), because Defendants do business in this District and the acts constituting the violation of the WARN Act complained of occurred, and the claim arose, in this District.

3. The violations of the WARN Act alleged herein occurred in this District and others. Venue in this Court is proper pursuant to 29 U.S.C §2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant WIRELESS ADVOCATES was incorporated in the state of Washington and authorized to conduct business in Texas pursuant to the Certificate of Authority No. 83773520002. WIRELESS ADVOCATES can be serves with service through its registered agent located at 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

5. Upon information and belief, at all relevant times, Defendant CAR TOYS is a Texas corporation with its principal place of business located at 20 West Galer, Suite 300 Seattle, WA 98119. CAR TOYS can be serves with service through its registered agent located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

6. Defendants jointly maintained, owned, and operated multiple kiosks throughout the country (the "*Kiosks*").

7. Plaintiff and the Other Similarly Situated Employees were employed by Defendants at the Kiosks until their termination without cause on or about December 5, 2022 and thereafter at which time Defendants ordered a closing of the Kiosks.

8. Plaintiff was employed by Defendants as a single employee at the Kiosks until the layoff without cause took place on or about December 5, 2022 and thereafter.

9. Upon information and belief, approximately 1,800 persons were employed at the Kiosks by Defendants until their termination without cause on or about December 5, 2022 and thereafter.

10. Upon information and belief, Defendants, as a single employer, owned and operated the Kiosks until on or about December 5, 2022 and thereafter.

11. On or about December 5, 2022 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Kiosks as part of a plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

## **CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

12. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

13. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

14. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

15. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

16. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

17. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Other Similarly Situated Employees who worked at the Kiosks and were terminated as part of or as the reasonably foreseeable result of the closing ordered by the Defendants, as a single employer, on or about December 5, 2022 and thereafter ("the "Class").

18. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

19. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

20. The claims of the representative parties are typical of the claims of the Class.

21. The representative party will fairly and adequately protect the interests of the class.

22. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

24. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

   (a) Whether the Class Members were employees of the Defendants who worked at or reported to the Kiosks;

   (b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

   (c) Whether the Defendants may rely the WARN Acts "unforeseeable business circumstances" or "Faltering company" defense.

   (d) Whether Defendants failure to provide 60 days notice should render them liable to the Class Members for 60 days pay and benefits.

## CLAIM FOR RELIEF

25. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate

worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Kiosks.

26. At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

*27.* The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

(a) The Defendants shared common ownership, officers and control.

(b) Specifically, Daniel Brettler, who is the CEO and director of WIRELESS ADVOCATES is also the CEO and director of CAR TOYS.

(c) At all times relevant hereto, Daniel Brettler maintained sole control over all decisions made by WIRELESS ADVOCATES and CAR TOYS.

(d) Specifically, upon information and belief, Daniel Brettler in his capacity as CEO of CAR TOYS frequently visited the Kiosks and requested weekly reports from WIRELESS ADVOCATES employees.

(e) Kimberly Nelson, who is the CFO and director of WIRELESS ADVOCATES is also the CFO and director of CAR TOYS. Kimberly Nelson frequented the Kiosks and was involved with the day to day operation of the Kiosks.

(f) At all times relevant hereto, Daniel Brettler as the CEO of CAR TOYS and WIRELESS ADVOCATES was the sole decision maker with respect to all matters related to the Kiosks and the employment of the class members.

(g) Upon information and belief, at all times relevant hereto, Daniel Brettler ran WIRELESS ADVOCATES and CAR TOYS as though they were a single corporation by comingling funds of each together with his own funds, and failing to keep

separate records for each entity, and failing to conduct corporate meetings, or keep any minutes or records of any meetings.

        (h)    Upon information and belief, transactions between WIRELESS ADVOCATES and CAR TOYS, were not conducted on an arm's length basis.

        (i)    On information and belief, the decision to shut down the Kiosks without providing proper WARN notice was made by all of the Defendants as a single employer.

28.    On or about December 5, 2022 and thereafter, the Defendants, as a single employer, ordered the "closing" of the Kiosks as that term is defined by 29 U.S.C. § 2101(a).

29.    The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the closing at the Kiosks on or about December 5, 2022 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

30.    The plant closing at the Kiosks resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

31.    The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

32.    Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 <u>et. seq.</u>, Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

*33*.    Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

34. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

35. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such,

      f.    The reasonable attorneys' fees and the costs and disbursements the Plaintiff incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

      g.    Such other and further relief as this Court may deem just and proper.

Dated: December 5, 2022.

                            Respectfully submitted,

BY:    ***/s/ Jonathan Zendeh Del***
        ZENDEH DEL & ASSOCIATES, PLLC
        Jonathan Zendeh Del, SBN 24075331
        Gabe Perez, SBA 24099475
        1813 61st Street, Suite 101
        Galveston, Texas 77551
        (409) 740-1111 (Telephone)
        (409) 515-5007 (Facsimile)
        Jonathan@zendehdel.com
        Gabe@zendehdel.com